IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:07-CV-260-F(3)

| | |
|---|---|
| KESHA COGGINS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>STEVE CRIPPS, *et al.,* )<br>)<br>Defendants. )<br>_____ ) | **MEMORANDUM AND<br>RECOMMENDATION** |

Plaintiff has filed an application to proceed *in forma pauperis*. She has demonstrated appropriate evidence of inability to pay the required court costs. However, the Court must also conduct a review pursuant to 28 U.S.C. §§ 1915(e)(2) which requires the Court to dismiss all or any part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. *See Cochran v. Morris*, 73 F.3d 1310, 1315-16 (4th Cir. 1996)(discussing *sua sponte* dismissal under predecessor statute 28 U.S.C. § 1915(d)). A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). For the following reasons the undersigned recommends that Plaintiff's Complaint be found insufficient to survive review under 28 U.S.C. § 1915(e)(2).

Plaintiff filed the instant Complaint on July 10, 2007. On May 4, 2007, Plaintiff filed another complaint in a separate case, Kesha Coggins v. London Metropolitan Police Service (United Kingdom), 5:07-CV-163-F(3). That complaint is virtually identical to the instant one. Specifically, both complaints assert that since 1999 Plaintiff has repeatedly been falsely

accused and arrested by the members of the London Metropolitan Police Service. The former complaint named the London Metropolitan Police Service as Defendant, while the instant Complaint apparently names the individually members of that service as Defendants. All of the named Defendants in the instant Complaint reside in the United Kingdom. Ultimately, the May 4, 2007 complaint was dismissed as frivolous on the grounds that the laws of the United States do not generally apply to the actions of foreign officials that occur in foreign countries. Foley Bros., Inc. v. Filardo, 336 U.S. 281, 285 (1949). Moreover, the Court noted that it appeared that Plaintiff was attempting to bring an action under 42 U.S.C. § 1983, and that statute applies only to actions associated with jurisdictions within the United States or its territories. As with the May 4, 2007 complaint, Plaintiff's instant Complaint describes actions which took place in the United Kingdom. Accordingly, the undersigned hereby adopts the prior reasoning of this Court and RECOMMENDS that the instant Complaint also be dismissed as frivolous. *See* 5:07-CV-163-F(3), DE's 4-6.

## **Conclusion**

For the aforementioned reasons, the undersigned RECOMMENDS that Plaintiff's motion to proceed *in forma pauperis* be GRANTED, but that her Complaint be dismissed for failure to state a claim.

SO RECOMMENDED in Chambers at Raleigh, North Carolina this 16th day of July, 2007.

_____
William A. Webb
U.S. Magistrate Judge